IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| PEDRO BURGOS,<br><br>  Plaintiff,<br><br>v.<br><br>OPTION ONE MORTGAGE CORP.<br>n/k/a SAND CANYON CORP.,<br><br>  Defendant. | Civil Action File No.<br><br>_____ |

**NOTICE OF REMOVAL TO FEDERAL COURT**

**TO: The Honorable Judges of the United States District Court for the Middle District of Georgia, Columbus Division**

Defendant Sand Canyon Corporation, f/k/a Option One Mortgage Corporation ("Sand Canyon")[1], by and through its undersigned counsel, respectfully files this Notice of Removal of this action from the Superior Court of Muscogee County, Georgia, where it is now pending, in accordance with 28 U.S.C. §§ 1331, 1332, 1441, and 1446. Removal is based on federal question jurisdiction because a federal question appears on the face of the initial pleading filed by Pedro Burgos ("Plaintiff"). Removal is also based on diversity jurisdiction because complete diversity exists between Plaintiff and Sand Canyon.

Sand Canyon supports this removal as follows:

---

[1] Plaintiff incorrectly identified Sand Canyon Corporation as "Option One Mortgage Corp." in the complaint filed in the Superior Court of Muscogee County. *See infra* n.2.

## BACKGROUND

1.  On or about April 5, 2013, Plaintiff, *pro se*, initiated a lawsuit against Option One Mortgage Corporation in the Superior Court of Muscogee County, Georgia, styled *Pedro Burgos v. Option One Mortgage Corp.*, civil case number SU13CV1077-07 (the "State Court Case").[2] Plaintiff obtained two default judgments in the State Court Case: one in August 2013 against "Option One Mortgage Corp. n/k/a Sand Canyon Corp." and the other in October 2014 against "Option One Mortgage Corp."

2.  In accordance with 28 U.S.C. § 1446(a), a copy of the complaint, the two default judgments, and all papers filed with the Superior Court of Muscogee County regarding the State Court Case to date are attached hereto as **Exhibit 1**.

## THIS NOTICE IS TIMELY FILED

3.  Although Plaintiff appears to have attempted to serve Sand Canyon with the complaint and a summons in April 2013, service was improper and ineffective.

---

[2] Although the case style appearing on the complaint identifies "Option One Mortgage Corp." as the sole defendant, Plaintiff refers to "Option One Mortgage Corp. f/k/a Sand Canyon Corp." or "Option One Mortgage Corp. a/k/a Sand Canyon Corp." several times throughout the body of that pleading. (*See, e.g.*, Exhibit 1 attached hereto, Compl., ¶ 2, Parties; ¶ 3, Factual Allegations; ¶ 98, Fifth Claim for Relief.) Furthermore, Plaintiff unilaterally changed the case style to identify the defendant as "Option One Mortgage Corp. f/k/a Sand Canyon" in every filing with the Superior Court starting July 1, 2013. (*Id.*)

4. Sand Canyon had not received any notice of the State Court Case whatsoever until it received a notice of hearing issued by the Superior Court of Muscogee County on October 6, 2018.[3] In an abundance of caution, even though Sand Canyon has never been properly served with legal process in the State Court Case, Sand Canyon has elected to remove the State Court Case to this Court as soon as possible. Accordingly, this Notice of Removal is timely because it has been filed within 30 days of Sand Canyon's receipt of the complaint and summons, as required by 28 U.S.C. § 1446(b)(1).[4]

5. This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been filed originally in this Court pursuant to the jurisdiction conferred by 28 U.S.C. §§ 1331 or 1332.

## FEDERAL QUESTION JURISDICTION

6. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff seeks damages pursuant to the federal Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), 18 U.S.C. §§ 1961 *et seq.*, over which this Court has jurisdiction. (*See* Compl., Ex. 1 at p. 7; p. 23, ¶ 4.)

---

[3] *See* Affidavit of Dale Sugimoto, President of Sand Canyon Corporation, and Affidavit of Michele Hood, Senior Paralegal with Sand Canyon Corporation, attached hereto as **Composite Exhibit 2**.

[4] Notwithstanding its decision to remove the State Court Case to this Court absent proper service, Sand Canyon expressly reserves all defenses available under the Federal Rules of Civil Procedure, including (but not limited to) objections as to lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process.

## **DIVERSITY JURISDICTION**

### **Citizenship**

7.     This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Sand Canyon.

8.     Upon information and belief, Plaintiff is domiciled in Muscogee County, Georgia, and retains a domicile in that county as of the date on which this Notice of Removal is filed. Therefore, Plaintiff is a citizen of Georgia.

9.     Sand Canyon is incorporated under the laws of California and, at all times relevant hereto, has maintained its principal place of business in California. (*See* Ex. 2, Hood Aff., ¶¶ 4, 6). Therefore, for diversity of citizenship purposes, Sand Canyon is a citizen of California. *See* 28 U.S.C. § 1332(c)(1).

10.     Plaintiff is not a citizen of any state of which Sand Canyon is also a citizen. As such, complete diversity exists in accordance with 28 U.S.C. § 1332(a)(1).

### **Amount in Controversy**

11.     The amount in controversy exceeds the sum or value of $75,000, because Plaintiff explicitly prays for more than $15 million in compensatory,

general, special, and punitive damages in his complaint. (Compl., Ex. 1 at pp. 23-24.)[5]

## **VENUE**

12. Venue for removal is proper in this district and division, in accordance with 28 U.S.C. § 1441(a), because this district and division embraces the Superior Court of Muscogee County, Georgia, the forum in which the removed action was pending. *See* 28 U.S.C. § 90(b)(3).

## **NOTICE**

13. Notice to the Superior Court of Muscogee County, Georgia, which includes a duplicate of this Notice of Removal to Federal Court, is being filed with the Clerk of the Superior Court of Muscogee County, Georgia as provided by 28 U.S.C. § 1446(d). A copy of this notice is attached as **Exhibit 3**.

14. Written notice of the filing of this Notice of Removal will be sent to Plaintiff Pedro Burgos, the only adverse party, in accordance with 28 U.S.C. § 1446(d).

15. Additionally, Plaintiff filed a notice of appeal in the State Court Case on or about October 10, 2018. Although the appeal has not yet been docketed in the appellate court as of the date of this filing, Sand Canyon is also serving a copy

---

[5] Additionally, in the State Court Case, Plaintiff obtained a judgment against "Option One Mortgage Corporation" in the amount of $188,000 on or about October 10, 2014. (*See generally* Ex. 1.)

of this Notice of Removal to Steve E. Castlen, Clerk of the Court of Appeals of Georgia.

## CONSENT

16. There is no other defendant in this matter. On or about June 26, 2018, Wells Fargo Bank, N.A., as trustee for Option One Mortgage Loan Trust 2003-1, Asset-Backed Certificates, Series 2003-1 ("Wells Fargo")[6] moved to intervene in the State Court Case. That motion has not been adjudicated by the Superior Court of Muscogee County to date. Therefore, Wells Fargo is not yet a party to this matter and its consent to this removal is not required by 28 U.S.C. § 1446(b)(2)(A).

## CONCLUSION

17. If any question arises as to the propriety of the removal of this action, Sand Canyon respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (announcing general rule

---

[6] Wells Fargo properly identified itself in the answer and its brief in support of its motion to intervene, which Wells Fargo filed in the State Court Case, as "Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2003-1, Asset-Backed Certificates, Series 2003-1." In its motion to intervene in the State Court Case, Wells Fargo erroneously identified itself as "Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Corp." Wells Fargo is not the trustee for "Option One Mortgage Corp.," and Wells Fargo attached to its brief at Exhibit E the Assignment of Mortgage/Deed reflecting that the subject Mortgage was assigned to "Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2003-1, Asset-Backed Certificates, Series 2003-1." *See* **Exhibit 4**, a true and correct copy of the Assignment of Mortgage/Deed, attached hereto.

that post-removal evidence in assessing removal jurisdiction may be considered by the Court).

**WHEREFORE**, Sand Canyon prays that the State Court Case initiated by Plaintiff in the Superior Court of Muscogee County, Georgia, be removed to this Court.

Respectfully submitted this 5th day of November, 2018.

                                      **ADAMS AND REESE LLP**

                                      */s/ Amy L. Hanna Keeney*
                                      Amy L. Hanna Keeney
                                      Georgia Bar No. 509069
                                      Laura H. Mirmelli
                                      Georgia Bar No. 678008

                                      *Attorneys for Sand Canyon*
                                      *Corporation f/k/a Option One*
                                      *Mortgage Corporation*

Monarch Tower
3424 Peachtree Road, NE, Suite 1600
Atlanta, Georgia 30326
Phone: 470-427-3700
Fax: 404-500-5975
AmyHanna.Keeney@arlaw.com
Laura.Mirmelli@arlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing by electronic mail and by depositing a copy of same in the United States Mail with adequate postage affixed thereon to the following:

Frederick S. Jones, Esq.
Johnson, Jones, Watkins & Cooper, LLC
35 Griffin Street
McDonough, GA 30253
Black_dragon_talon@yahoo.com
*Counsel for Pedro Burgos*

Tania T. Trumble
McClain & Merritt PC
2445 Peachtree Road, NE, Suite 500
Atlanta, GA 30326
ttrumble@mmatllaw.com
*Counsel for Wells Fargo Bank, N.A., as trustee for Option One Mortgage Corp.*

I hereby certify that I have this day served a copy of the foregoing by depositing a copy of same in the United States Mail with adequate postage affixed thereon to the following:

Steve E. Castlen
Clerk, Court of Appeals of Georgia
47 Trinity Avenue S.W., Suite 501
Atlanta, GA 30334
*Clerk of the Court of Appeals of Georgia*

Shasta Glover
Muscogee County Clerk of Superior & State Courts
P.O. Box 2145
Columbus, GA 31902

Respectfully submitted this 5th day of November, 2018.

**ADAMS AND REESE LLP**

*/s/ Amy L. Hanna Keeney*

Amy L. Hanna Keeney
Georgia Bar No. 509069
Laura H. Mirmelli
Georgia Bar No. 678008

Monarch Tower
3424 Peachtree Road, NE, Suite 1600
Atlanta, Georgia 30326
Phone: 470-427-3700
Fax: 404-500-5975
AmyHanna.Keeney@arlaw.com
Laura.Mirmelli@arlaw.com