IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

PEDRO J. BURGOS,                          *

    Plaintiff,                        *

vs.                                       *

OPTION ONE MORTGAGE COMPANY,              *      CASE NO. 4:18-CV-223 (CDL)
INC. *now known as Sand Canyon
Corporation*,                             *

    Defendant.                        *

_____

O R D E R

    This action originated in the Superior Court of Muscogee County in 2013.  In a nutshell, Plaintiff alleged that Defendant, his mortgage loan originator, fraudulently assigned his security deed to Wells Fargo Bank and that Wells Fargo later wrongfully foreclosed on his home.  *See generally* Compl., ECF No. 1-1 at 3-27.  Plaintiff filed this action against Defendant, seeking damages and to set aside the original security deed, the recorded assignment of the security deed to Wells Fargo, and the deed under power held by Wells Fargo.  Plaintiff did not name Wells Fargo as a Defendant.

    On August 5, 2013, the Superior Court judge issued an order of default judgment, concluding that Defendant was properly served under O.C.G.A. § 14-2-1520(c).[1]  Based on the default, the Superior

_____

[1] Defendant argues that Plaintiff misled the Superior Court judge into reaching this conclusion; according to Defendant, there was no proper

Court judge declared the original security deed, the assignment to Wells Fargo, and the deed under power to be "forgeries and null and void."  ECF No. 1-1 at 109-113.  Following a bench trial on damages, the Superior Court judge issued a "Final Order and Judgment."  Order (Oct. 10, 2014), ECF No. 1-1 at 151-156.  The judge awarded Plaintiff $26,000 in compensatory damages, which was tripled to $78,000 under Georgia RICO.  The judge also awarded $100,000 in punitive damages under Georgia RICO.  The case was closed.  *See* General Civil Case Final Disposition Form, ECF No. 1-1 at 150.

Three years later, on October 10, 2017, Plaintiff filed a post-judgment motion to set aside the judgment under O.C.G.A. § 9-11-60(g) based on "clerical errors, mistakes and omissions" and under O.C.G.A. § 9-11-60(d)(3) based on "nonamendable defect[s]" on the face of the record.  Pl.'s Mot. to Set Aside J., ECF No. 1-1 at 158-60.  At some point in the fall of 2017, Wells Fargo learned of this action.  On June 26, 2018, Wells Fargo filed a motion to intervene.  On October 3, 2018, the Superior Court judge scheduled a hearing on the Wells Fargo's motion and sent notice to Wells Fargo and Defendant.  Defendant asserts that it first learned of this action from that notice.  Before the scheduled hearing could take place, Plaintiff sought to withdraw his motion to set

---

service under O.C.G.A. § 14-2-1520(c) because Plaintiff sent the summons and complaint to the wrong address even though he knew the correct one.

aside (which had not been ruled upon) and also filed a notice of appeal with the Georgia Court of Appeals.  Soon after that, Defendant removed the action to this Court.

Plaintiff filed a motion to remand (ECF No. 18) arguing, among many other things, that removal was improper because there was no "pending" action in the Superior Court at the time of removal. The Court agrees.  The removal statue provides: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action *is pending*."   28 U.S.C. § 1441(a) (emphasis added).  By the time Defendant filed its notice of removal, however, there was no "pending" action in the Superior Court of Muscogee County.  Pending means "[r]emaining undecided; awaiting decision <a pending case>." PENDING, Black's Law Dictionary (10th ed. 2014).  The Superior Court issued a final judgment on October 10, 2014.  The case was closed.  The time for appeal lapsed.[2]  Years passed.

Defendant argues that removal is permitted even after a final state court judgment.  In some cases, such as when the action is

---

[2] *See* O.C.G.A. § 5-6-38(a) (stating that a notice of appeal must be filed "within 30 days after entry of the appealable decision or judgment complained of").  Although certain post-judgment motions may extend the time for filing an appeal in Georgia, *see id.,* a motion to set aside the judgment is not one of them.  *MMT Enterprises, Inc. v. Cullars*, 462 S.E.2d 771, 773 (Ga. Ct. App. 1995) (overruling cases holding "that a motion to set aside can extend the time for filing a notice of appeal").

removed after a final judgment is entered but *before the period for appeal lapses*, that is true.  *See Jackson v. Am. Sav. Mortg. Corp.*, 924 F.2d 195, 197 (11th Cir. 1991 (finding, without specifically addressing the issue, that a case was removable under 28 U.S.C. § 1441 where it was removed within the time to appeal the state court's final judgment); *In re Savers Fed. Sav. & Loan Ass'n*, 872 F.2d 963, 965-66 (11th Cir. 1989) (concluding that 12 U.S.C. § 1730(k)(1)(C) permits the Federal Savings and Loan Insurance Corporation to remove an action after a final judgment is entered but before the period for appeal lapses); *Ware v. Fleetboston Fin. Corp.*, 180 F. App'x 59, 61 (11th Cir. 2006) (per curiam) (relying on *Jackson* and *In re Savers* and concluding that "the fact that a final judgment was entered in state court does not preclude removal in this instance," where the state court issued a final judgment on January 28, 2005, then the defendant learned of the action on February 8, 2005 and filed a notice of removal on February 15, 2005).

But Defendant did not point to any binding precedent suggesting that removal is permitted years after the final state court judgment is entered and the time for appeal has lapsed.  In the Court's view, at that point, the state court action is no longer "pending," and there is no longer a live case or

controversy."[3]  If a case is not "pending," it cannot be removed. Based on this defect in removal, the Court finds that this action must be remanded to the Superior Court of Muscogee County under 28 U.S.C. § 1447(c).  Thus, Plaintiff's motion to remand (ECF No. 18) is granted, and the Clerk is directed to remand this action to the Superior Court of Muscogee County.  The Court declines to award Plaintiff costs under § 1447(c) because the Court is not convinced that Defendant completely lacked an objectively reasonable basis for removing the case.  And, Plaintiff's motion for sanctions under Federal Rule of Civil Procedure 11 (ECF No. 23) is denied because the Court is not convinced that Defendant's removal was frivolous or in bad faith.

The following motions are terminated as moot: Defendant's Motion to Set Aside (ECF No. 8) and Wells Fargo's Motion to Intervene (ECF No. 12).  Nothing in this Order shall prevent Defendant from seeking to set aside the judgment in the Superior Court, and nothing in this Order shall prevent Wells Fargo from pursuing its motion to intervene in the Superior Court.[4]

IT IS SO ORDERED, this 12th day of February, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

[3] This ruling is certainly not meant to suggest that Defendant may not, once this case is remanded to the Superior Court, pursue a motion to set aside the judgment under O.C.G.A. § 9-11-60(d).
[4] Based on today's ruling, the hearing previously scheduled for February 20, 2019 is canceled.